IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT FOR:<br><br>BRIAN J. COLE, JR. | Case No.<br><br><br><br>**Filed Under Seal** |

**GOVERNMENT'S MOTION TO SEAL COMPLAINT**
**AND RELATED DOCUMENTS**

The United States of America, moving by and through its undersigned counsel, respectfully moves the Court for an Order placing the above-captioned warrant, complaint, and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively herein the "Arrest Warrant") under seal. In support of this motion, the government states:

1. The Court has the inherent power to seal court filings when appropriate, including the Arrest Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Arrest Warrant to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Arrest Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

2. On December 3, 2025, the government applied for an Arrest Warrant in this matter. The Arrest Warrant details the facts supporting probable cause to believe that Brian J. Cole, Jr. committed violations of 18 U.S.C. § 844(d) (Explosive Device - transportation in interstate commerce with intent to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property); 18 U.S.C. § 844(i) (Explosive

Device - malicious destruction or attempted malicious destruction by means of fire and explosive materials).

3. The Arrest Warrant references evidence gathered in the course of the investigation. The public disclosure of the government's evidence could compromise the integrity of the investigation, including the ability of the government to locate and arrest the defendant. Further, the government has applied for an omnibus search warrant for items believed to be in the defendant's possession. Premature disclosure of the Arrest Warrant may hinder those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

4. As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id*. at 290 (*quoting Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

5. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

6. Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the

defendant has been charged with a crime, and the government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Arrest Warrant.

7. In addition, the government respectfully moves that the Government be permitted to disclose the Arrest Warrant to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

8. Finally, the government respectfully requests that the Arrest Warrant be automatically unsealed at such time as the defendant is taken into custody in connection with this case. As soon as practicable thereafter, the government shall alert the clerk's office in this Court to the defendant's arrest, and the Clerk will unseal the docket in a timely manner thereafter. Notwithstanding whether the Clerk has unsealed the docket, the government may treat the redacted complaint and redacted affidavit in support thereof as unsealed once the defendant has been taken into custody in connection with this case.

4

WHEREFORE, the government respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the above-captioned warrant, complaint, and the application and affidavit in support thereof, and all attachments thereto and other related materials, including any Order granting this motion.

                Respectfully submitted,

                JEANINE FERRIS PIRRO
                UNITED STATES ATTORNEY

By:    */s/ Jocelyn Ballantine*
       Jocelyn Ballantine
       Assistant United States Attorney
       CA Bar No. 208267
       National Security Section
       601 D Street, N.W.,
       Washington, D.C. 20530
       Phone: 202-252-7252
       Email: Jocelyn.Ballantine2@usdoj.gov