IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMB IA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CAFN: 1:25-mj-00276 |
| ) | |
| BRIAN J. COLE Jr,    ) | |
| ) | |
| DEFENDANT.    ) | |

**DEFENDANT BRIAN COLE JR'S MOTION FOR DISCOVERY
AND EXCULPATORY AND IMPEACHING MATERIAL
PURSUANT TO RULE 16 AND BRADY/GIGLIO**

COMES NOW Brian Cole Jr, by and through his undersigned counsel, who moves the court, pursuant to Rules 5.1 and 16 and 57 of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the Constitution of the United States, and Brady v. Maryland and its progeny, for an order directing the government to produce and permit the defendant to inspect, copy, or photograph each of the following, which are now known to or in the possession of the government or any of its agents or which, through due diligence, would become known from the investigating officers or agencies and from witnesses or persons having knowledge of this case:

1.

Any and all statements, confessions, or admissions made by the defendant, whether written or oral, subsequently reduced to writing or summarized in the officers' reports or copies thereof, including the rough notes of such officers.

2.

Any statements made by the defendant which were tape-recorded prior to or after the indictment.

3.

The substance of any oral statement made by the defendant which the government intends to offer into evidence at trial, whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

4.

With regard to the information requested in paragraphs 1 and 3, the name, title, and address of the individual to whom the statement was made and the name and address of any other individual present at the time the statement was made.

5.

Exact copies of any tape recordings, documents authorizing the interception of conversations, the date the recording was made, and the identity of all persons whose voices were intercepted.

As to paragraphs 1 through 5, <u>Federal Rules of Criminal Procedure</u>, Rule 16 specifically authorizes and mandates such disclosure.

6.

All statements made by the defendant to third parties, including investigative agents whose identities were then unknown to the defendant. <u>United States v. Caldwell</u>, 543 F.2d (D.C. Cir. 1975); <u>United States v. Thevis</u>, 84 F.R.D. 47 (N.D. Ga. 1979).

7.

The credentials of any experts and any reports by such experts.

8.

The criminal record of this defendant, including, but not limited to, FBI, state, or local arrest records.

9.

The criminal records of each co-defendant and co-conspirator.

10.

The criminal record, including arrest reports, of each government witness.

11.

Any and all photographs allegedly depicting the defendant in connection with this case.

12.

Any and all evidence of transactions or conduct of the defendant which are not the subject matter of this indictment but which the government might offer as evidence on the question of intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake or accident, or like legal ground under Federal Rules of Evidence, Rule 404(b).

13.

Any and all evidence or information which may be used to impeach any government witness or which may lead to evidence which might be used to impeach any government witness.

14.

Any and all statements of any potential government witness which may be inconsistent, in whole or in part, with any of the statements made by the same individual; and any statements made by the same individual; and any statements made by potential government witnesses which are inconsistent, in whole or in part, with any statements made by co-defendants or other individuals who have given statements relevant to the charges against this defendant. Dennis v. United States, 384 U.S. 855, 873–874 (1966).

15.

Any and all tangible items obtained from the defendant.

16.

Any and all items seized as a result of any and all searches of the defendant or of any property in which he had a reasonable expectation of privacy.

17.

All documents and tangible objects which are in the possession, custody, or control of the government and which are material to the preparation of the defendant's defense, are intended or used by the government as evidence-in-chief at trial, or belong to the defendant.

18.

Any and all reports of examinations and tests which are contemplated for discovery by this rule and which are within the possession, custody, or control of the government or its agents and which are material to the preparation of the defense of this defendant or intended for use by the government as evidence at the trial.

19.

Copies of any and all search warrants procured by any law enforcement officer during the course of this case and copies of any and all affidavits related thereto or any documents whatsoever having any relation to said search warrants or affidavits in this case, including inventories of items seized.

20.

The existence and identification of each occasion on which a potential government witness has testified before any court or grand jury or has given a narration in relation to the defendants, this investigation, or the facts of this case.

21.

The names, addresses, and current telephone numbers of all unindicted co-conspirators and the names, addresses, and current telephone numbers of their attorney(s).

22.

The names, addresses, current telephone numbers, and criminal records of any informants, special employees, or special investigators used in the investigation of this case or persons hired, directed, requested, and/or paid by the government to investigate, snoop, or obtain information in any manner whatsoever in the investigation of this case.

23.

Any and all recorded or written memoranda or conversations, discussions with, or statements by informants and special employees of the government involved in this case.

24.

In conversations of the defendant that were subject to surveillance but not electronically recorded, please provide any handwritten notes or memoranda, stating the date of the conversation, the parties to the conversation, and the nature of the conversation. With regard to any surveillance, whether electronic, physical, or otherwise, state whether such surveillance was consensual and, if so, whether it was a result of any promise or inducement on the part of the government or local agency.

25.

Any and all statements, memoranda, or documents to be produced pursuant to the Jencks Act, 18 U.S.C. § 3500.

26.

A copy of all original notes and memoranda made by any and all investigating agents of the government or any local agency in relation to this case.

27.

As to all persons who will testify for the government in its case-in-chief or in rebuttal, or whose testimony has been used before the grand jury to obtain the present indictment, or whose sworn testimony or statements will be used in this trial, although the witness will not testify, the following specific and detailed information is requested: The existence and substance, the manner of execution or fulfillment,

or any promises, agreements, understandings, and arrangements, either verbal or written, between the government and any prosecution witness or his or her attorney or representative, wherein the government, either federal or state, has agreed, either expressly or impliedly, as follows:

    (a)    not to prosecute the witness for any crime or crimes;

    (b)    not to prosecute a third party for any crime or crimes;

    (c)    to provide a formal grant of immunity, or to provide an informal assurance that the witness will not be prosecuted in connection with any testimony given by him;

    (d)    to recommend leniency in sentencing for any crime or crimes for which he is convicted, or to reduce the number or kind of charges as to which a plea may be entered;

    (e)    to recommend or not to recommend a particular sentence for any crime or crimes for which he has been convicted;

    (f)    to provide favorable treatment or consideration, that is, money or the like, to the witness himself or to friends or relatives of the witness in return for the witness's cooperation and/or testimony;

    (g)    to make any other recommendation of any benefit, however slight, or to give any other consideration to the witness or friends or relatives of the witness; and

(h) to reveal or disclose with particularity any and all agreements or understandings reached between the government and any persons, state or local political entity, or investigative body in this case.

28.

Reports of any and all photographic identification displays conducted in the investigation of this matter, and any reports or memoranda of results, and copies of all photographs used in said displays.

29.

Reports of any and all corporeal identification displays or show-up identification displays conducted in the investigation of this matter, and any reports or memoranda of results, and copies of any photographs taken of said procedures.

30.

Any and all documents, instruments, forms, or statements of any kind signed or purported to have been signed by the defendant.

31.

Any and all summary evidence to be introduced by chart, graph, or other exhibit.

32.

Any and all material known to the government, or which may become known, or which through due diligence may be learned from the investigating

officers, or the witnesses, or the persons having knowledge of this case, which is exculpatory in nature, or arguably favorable to the accused, or which may lead to exculpatory or favorable material, or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or instructions to government witnesses not to speak with or discuss the facts of this case with defense counsel, including, but not limited to, the following:

      (a)    copies of any and all indictments and convictions of government witnesses;

      (b)    copies of all plea agreements between the above-named individuals and any federal or state agencies;

      (c)    all criminal information relating to the above individuals;

      (d)    a list of all payments made to and things of value provided to any informant and/or government witness by any agency of the United States Government or local agency, and supporting documents evidencing same; and

      (e)    a list of other crimes or "bad acts" committed or suspected to have been committed by any of the above-named individuals.

33.

A copy of all original notes and memoranda (whether handwritten or otherwise) that may have been made by any investigative agent in this case, including any person who may have been acting in an informer or undercover

capacity. If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

34.

Disclose whether the government knows or has any reason to believe a material witness will be unavailable for trial. United States v. Mendez-Rodriquez, 450 F.2d 1 (9th Cir. 1971).

35.

Disclose the existence of any history of drug abuse, mental illness, incompetence, or other mental impairment which might affect a witness's ability to perceive and understand events as they occur or to recall past events, identify a witness, their impairment, and any treating physician.

36.

Any and all evidence of any monies which were paid to any government agent or informant and which are unaccounted for or missing.

37.

Any change in the statement or story told by any government witness. Davis v. Floyd, 479 F.2d 446 (5th Cir. 1976).

38.

All materials to which Defendant is entitled under Fed. R. Crim. P. 5.1(h) and 26.2(a)-(d), (f).

39.

Disclose the existence of any history of drug abuse, mental illness, incompetence, or other mental impairment which might affect a witness's ability to perceive and understand events as they occur or to recall past events, identify a witness, their impairment, and any treating physician.

40.

Disclosure is required now, not later. Delay in disclosure of exculpatory material runs contrary to *Brady* "if it comes too late to aid the defendant." *United States v. Melton*, 815 F.2d 706 (6th Cir. 1987); *see United States v. Agurs*, 427 U.S. 97, 108 (1976) ("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure").

41.

While disclosure before trial may be the norm, *Brady* applies to any proceeding to which the evidence would have been material. Failure to produce the information "at a time when disclosure would be of value to the accused" violates *Brady*. *United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000). This means the *Brady* obligation extends to a pretrial evidentiary hearing, if that is the proceeding for which the evidence is material. *See e.g.*, *United States v. Thomas*, 835 F.3d 730, 735 (7th Cir. 2016) (applying *Brady* to the "outcome of [a] motion to suppress hearing"); *Biles v. United States*, 101 A.3d 1012 (D.C. 2015) (holding that failure to provide information relevant to a motion to suppress was a *Brady* violation).

WHEREFORE, the Defendant respectfully shows the court that all discovery requested herein is essential to the preparation of their defense, as mandated by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and is material to his defense and preparation for hearings or any pending pretrial motions. The Defendant further requests that this court enter an order granting all discovery requested in this motion and order directing the government to promptly produce the materials identified above on a rolling basis and sufficiently in advance of any hearings and trial, to comply with its continuing disclosure obligations under Rule 16, *Brady*, *Giglio*, and the Jencks Act. And, to further order that the government be required to supplement and amend the discovery requests as the disclosure of information provides further basis for relief; that the Defendant be permitted to file such other motions as may become necessary based upon further disclosure of other information not presently available to the defendant; and that the defendant be granted such other and further relief as the court may deem just and proper.

Respectfully submitted this December 29, 2025,

/s/**JOHN SHOREMAN**
John M. Shoreman
(DC Bar #407626)

**McFADDEN & SHOREMAN**
**HDR LLC**
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
(571) 296-8450
jms@mcfaddenshoreman.com
**Counsel for Brian J. Cole, Jr.**

/s/ **MARIO B. WILLIAMS**
Mario B. Williams
**Ga. Bar No. 235254**
**(**Pro Hac Vice Pending [ECF 15]

**HUMANITY DIGNITY AND RIGHTS LLC**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
Tel.: 470-257-2485
Email: mwilliams@hdrattorneys.com, jms@mcfaddenshoreman.com
*Counsel for Brian Cole Jr*

*/s/ **J. ALEX LITTLE***
J. Alex Little
(*pro hac vice pending*)
Zachary C. Lawson
(*pro hac vice pending*)
John R. Glover
(*pro hac vice pending*)

**LITSON PLLC**
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co
*Counsel for Brian Cole Jr.*

## CERTIFICATE OF SERVICE

This is to certify that I have, on this date, served a copy of the foregoing **DEFENDANT BRIAN COLE JR'S MOTION FOR DISCOVERY AND EXCULPATORY AND IMPEACHING MATERIAL PURSUANT TO RULE 16 AND BRADY/GIGLIO** upon all counsel of record via this Court's CM/ECF.

Respectfully submitted this December 29, 2025.

**/s/ MARIO B. WILLIAMS**
Mario B. Williams
**Ga. Bar No. 235254**
(Pro Hac Vice Pending [ECF 15]

**/s/JOHN SHOREMAN**
John M. Shoreman
(DC Bar #407626)

**HUMANITY DIGNITY AND RIGHTS LLC**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
Tel.: 470-257-2485
Email: mwilliams@hdrattorneys.com, jms@mcfaddenshoreman.com
*Counsel for Brian Cole Jr*