UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:25-mj-00276 |
| : | |
| BRIAN J. COLE, JR., : | <u>UNDER SEAL</u> |
| : | |
| Defendant. : | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF THE COURT'S
INHERENT AUTHORITY TO ACCEPT GRAND JURY INDICTMENT RETURN

Defendant Brian Cole Jr. is charged in United States District Court for the District of Columbia by way of an indictment returned on December 29, 2025, by a grand jury empaneled by the Superior Court of the District of Columbia. The indictment was properly returned, and the Court has the authority to accept the indictment return, notwithstanding Chief Judge Boasberg's recent stay of his order in *United States v. Kevontae Stewart*. *See* D.D.C. Case No. 25-mj-225, ECF No. 45 (hereinafter the "Stay"). Importantly, in the Stay, Chief Judge Boasberg held that D.C. Code § 11-1916(a) permits local grand juries to return indictments in federal court. *Id.*, ECF No. 38 at 1.[1]

The indictment in this case charges the defendant with violations of 18 U.S.C. §§ 844(d) (interstate transportation of explosives) and 844(i) (malicious attempt to use explosives). The charges arise from the defendant's manufacturing, transporting, and planting of two pipe bombs in the immediate vicinity of the headquarters of the Republican and Democratic National

---

[1] D.C. Code § 11-1916(a) states: "A grand jury serving in the District of Columbia may take cognizance of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts." *See United States v. Seals*, 130 F.3d 451, 458-60 (D.C. Cir. 1997) (rejecting constitutional challenge to D.C. Code § 11-1916(a)); *see also id.* at 453 (describing, without questioning, district court's holding that Congress "validly authorized the D.C. Superior Court . . . to supervise a grand jury that can indict for both D.C. and federal offenses").

Committees in downtown Washington, D.C. on January 5, 2021. The defendant was charged by federal criminal complaint with the same offenses and arrested on December 4, 2025. ECF No. 1.

On December 5, 2025, the defendant was presented on the federal complaint. The Court ordered the defendant to be detained pending a detention hearing, which the defense agreed to schedule for December 15, 2025. On December 10, 2025, defense counsel—specifically, counsel of record John Shoreman and co-counsel Mario Williams, who later moved for admission *pro hac vice*, ECF No. 15 (collectively, "defense counsel of record")—requested a continuance of the December 15 detention hearing to have additional time to review the significant amount of discovery provided by the government. The defense consented to the exclusion of time under the Speedy Trial Act from December 4, 2025, through the date of the rescheduled detention hearing, which the parties agreed would be reset for December 30, 2025. *See* ECF No. 9 at 1–2. On December 11, 2025, the Court issued a written order "that the currently scheduled detention hearing on December 15, 2025, be continued to December 30, 2025," and excluded time under the Speedy Trial Act between December 15 and December 30, 2025. ECF No. 11 at 1.

On December 24, 2025, defense counsel of record emailed the government asking, among other things, "whether the government plans on holding a probabl[e] cause hearing on Tuesday [December 30]." On December 25, 2025, government counsel responded, in relevant part: "Tuesday's hearing is a detention hearing under 18 U.S.C. § 3142(f). The government will be proceeding by proffer." On December 27, 2025, defense counsel of record emailed the government asking, among other things, "whether the government has sought an indictment before a grand jury on the charges against Brian Cole Jr." Shortly thereafter, defense counsel of record clarified by email that the parties had only discussed the date of a detention hearing and had not discussed the date of a Rule 5.1 preliminary hearing.

2

The government responded on December 28, 2025, in relevant part, agreeing that the parties had "not yet scheduled a Rule 5.1 preliminary hearing given the defense's request to continue the December 15 detention hearing (at which we would typically have scheduled the preliminary hearing)," asking for the defense's preference as to when to schedule the preliminary hearing, and explaining both that the government had "not yet sought a grand jury indictment in this case given the defense's request to continue the detention hearing and your agreement to exclude time under the Speedy Trial Act's 30-day indictment deadline" and also that "there are no sitting grand juries in D.C. District Court between 12/19 and 1/5." Defense counsel of record responded the same day, stating, in relevant part: "We can exchange dates for the preliminary hearing." Defense counsel of record further inquired if the government would be willing to agree to the defendant's release "under a strict set of agreeable conditions" in exchange for a waiver of the preliminary hearing that the parties were attempting to schedule. The government responded declining to agree to the defense's proposal and suggesting that the parties schedule the preliminary hearing for January 7 or 8, 2026.

On December 28, 2025, at 1:46 p.m., a new counsel for the defendant, whose motion for admission *pro hac vice* is pending, ECF No. 18, emailed the government taking the position for the first time that the defense intended to proceed on December 30 with a preliminary hearing under Federal Rule of Criminal Procedure 5.1, notwithstanding that such a hearing had not been scheduled by the Court and that, just minutes earlier, the parties were discussing when to schedule a preliminary hearing. According to this new defense counsel, "we've been working to understand if you planned to indict before [December 30]. Otherwise, we insist that the [preliminary] hearing be Tuesday."[2]

---

[2] Late in the evening on December 28, 2025, the defense in this case filed a motion requesting that the Court order the government to proceed with a preliminary hearing on December

3

The circumstances presented here are easily distinguished from those presented in *Stewart*, and thus, the Court may properly receive the defendant's indictment returned on December 29, 2025. Chief Judge Boasberg issued a stay of his order in *Stewart*, which had held that the indictment was valid, after analyzing the four factors articulated by the Supreme Court in *Hilton*, and subsequently analyzed in *Nken*: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Chief Judge Boasberg went on to note that "the public interest lies in letting the Court of Appeals decide this issue before the Government moves forward both on this case *and in similar fashion on other cases*." Stay at 2 (emphasis added). Given this language, the question is whether the Stay prevents this Court from accepting indictments returned by a grand jury empaneled by the Superior Court of the District of Columbia in other cases presenting circumstances materially different from those in *Stewart*.

As a threshold matter, it is well-settled that analysis of the *Nken* factors is case specific. *See*, *e.g.*, *Sofinet v. I.N.S.*, 188 F.3d 703, 707 (7th Cir. 1999); *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013). Accordingly, the Stay should not automatically be construed to enjoin the return of *all* indictments returned in District Court by a grand jury empaneled by the Superior Court of

---

30, 2025, as well as the scheduled detention hearing. ECF No. 21. That pleading omits the emailed statements of defense counsel of record discussed above (1) that the parties had only previously discussed a detention hearing and not a Rule 5.1 preliminary hearing (December 27 email), (2) that the parties "can exchange dates for the preliminary hearing" (December 28 email)—which prompted the government to offer potential dates, and (3) attempting to negotiate a waiver of that hearing (December 28 email). Instead, the defense in its pleading represents to the Court: (1) "The defense did not waive the right to a preliminary hearing. To the contrary, it has consistently expected it to proceed on December 30."; and (2) "On December 28, 2025, when pressed on the question of proceeding with the preliminary hearing on December 30, the government asked to push the preliminary hearing to either January 7 or 8." ECF No. 21 at 1.

4

the District of Columbia during the pendency of the appeal of Chief Judge Boasberg's order to the D.C. Circuit. *See Rojas-Espinoza v. Bondi*, 2025 WL 3289117, at *10 (9th Cir. Nov. 25, 2025) ("[i]t is manifestly unlawful to allow a temporary administrative stay to be continued for such an undue length of time after an opposed stay motion has been fully briefed, much less to do so without any case-specific judicial involvement") (citing *Nken*, 556 U.S. at 433-34).

Furthermore, the circumstances presented in this case are markedly different from those in *Stewart*. The government has not previously sought an indictment for this defendant from a grand jury empaneled in either District Court or Superior Court. Moreover, as described above, defense counsel of record requested that the detention hearing scheduled for December 15—at which the parties, consistent with general practice, would have scheduled a preliminary hearing—be continued to December 30, and agreed to extend the government's deadline to indict through that date. Both the government and defense plainly understood the Court to have scheduled only a detention hearing for December 30, as the parties were actively discussing when to schedule a preliminary hearing as late as the afternoon of December 28, 2025, before new defense counsel took a materially different position.

In good-faith reliance on the representations of defense counsel of record, the government chose not to secure an early indictment in this case on or before December 19, 2025, the last date on which grand jury panels would be sitting in the District Court for the District of Columbia until January 6, 2026. The government would have sought such an early indictment from a federal grand jury panel had there been any indication that the defense, contrary to all indications, intended to pursue a preliminary hearing on December 30, 2025. Thus, the circumstances in this case establish that the government sought an indictment return from a Superior Court grand jury panel out of necessity due to the absence of any federal panels and in direct response to changed

5

circumstances brought about by the defense. Moreover, when federal grand jury panels resume sitting next week, the government will promptly secure a superseding indictment.

Finally, this case presents extenuating circumstances comparable to those in ███████ ████████████████████████ ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ There, the government was forced to react to constraints presented by the unavailability of federal grand juries during the weeks of December 22 and 29, 2025, ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ ████████ ████ ████████████ ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ ████████ ████ ████████████████████████████████████████████████████████ ████████████

Like ████████, the government in this case sought an indictment return from a Superior Court grand jury panel out of necessity due to the unavailability of any federal panels and in direct

---

[3] The government has sought to unseal this hearing for the limited purpose of obtaining an expedited transcript of the proceeding. The transcript is not available to the government at the time of this filing.

response to newly arising, time-sensitive circumstances beyond the government's control. Moreover, as stated, the government in this case will promptly secure a superseding indictment from a federal grand jury panel when those panels reconvene on January 6, 2026, meaning the indictment returned on December 29, 2025, by the Superior Court panel will be in place for only approximately one week.

     For the foregoing reasons, the government respectfully submits that the indictment in this case was properly returned and that the Court should accept the indictment return.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Charles R. Jones*
CHARLES R. JONES (D.C. Bar No. 1035541)
JOCELYN BALLANTINE (CA Bar No. 208267)
Assistant United States Attorneys
National Security Section
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-6976
Charles.Jones3@usdoj.gov
Tel: (202) 252-7252
Jocelyn.Ballantine2@usdoj.gov